UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TANNER, | Case No. 2:24-cv-03664-DJC-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, | |
| Defendant. | (ECF Nos. 3, 10) |

On November 22, 2024, Plaintiff Robert Tanner, who is representing himself in this action, filed a complaint in San Joaquin County Superior Court against Defendant Southern Glazer's Wine and Spirits, LLC[1] asserting a single cause of action for defamation. Compl. (ECF No. 1, Exh. 1).[2] On December 20, 2024, Defendant removed this action to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 1-2.) Pending before the Court is Defendant's motion to dismiss (ECF No. 3) and Plaintiff's motion to remand (ECF No. 10). For the reasons that follow, the Court recommends Plaintiff's motion to remand be DENIED and Defendant's motion to dismiss

---

[1]   The Court notes that Defendant Southern Glazer's Wine and Spirits, LLC is erroneously named as Southern Glazer's Wine and Spirits in the Complaint. *See* ECF No. 1, Exh. 1. The Court will refer to the correct spelling of this defendant as Southern Glazer's Wine and Spirits, LLC. *See* ECF No. 1 at 2.

[2]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

be GRANTED with leave to amend.

## I.  BACKGROUND

### A.  Factual Background

On or about October 14, 2023 through September 15, 2024, Plaintiff alleges Defendant made defamatory statements about Plaintiff "being a homosexual, gay, and a faggot" to Plaintiff and "other people [who] reasonably understood them to meant that Plaintiff was all the above." Compl. ¶ 8. Plaintiff alleges the defamatory statements were "false" and "not privileged" and were made with "malice and with the intent to injure Plaintiff['s] good name and reputation and to interfere with [Plaintiff's] employment." *Id*. ¶¶ 9-10. Plaintiff further alleges such statements were made to women to make Plaintiff "look inferior or less than a human man." *Id*. ¶ 10. Plaintiff alleges these defamatory statements harmed Plaintiff's reputation, occupation, and relationships with women. *Id*. ¶ 11. Plaintiff alleges these "false damaging statements" "intentionally slandered and defamed Plaintiff's character." *Id*. at 1. For relief, Plaintiff is seeking $25 million in damages and for Defendant "to make a public retraction of the false and defamatory statements made against Plaintiff." *Id*. ¶¶ 14-15.

### B.  Procedural Background

Plaintiff's Complaint alleges a single state law claim for defamation. *See generally* Compl. On December 20, 2024, Defendant removed this lawsuit to this Court based on diversity jurisdiction. (ECF No. 1 at 3-4.) On January 3, 2025, Defendant filed a motion to dismiss. Def. Mot. (ECF No. 3). Plaintiff filed an opposition[3] (Pl. Opp'n (ECF No. 21)), and Defendant filed a reply (Def. Reply (ECF No. 14)). Plaintiff also filed an unauthorized sur-reply. (ECF No. 16.) In addition, on January 13, 2025, Plaintiff filed a motion to remand this action back to state court. Pl. Mot. (ECF No. 10). Defendant filed an opposition (Def. Opp'n (ECF No. 13)), and Plaintiff filed a reply (Pl. Reply (ECF No. 17)).

---

[3]  On January 13, 2025, Plaintiff filed an unsigned opposition to Defendant's motion to dismiss. (ECF No. 18.) On February 20, 2025, the Court directed Plaintiff to submit a signed opposition (ECF No. 20), which Plaintiff did on February 28, 2025 (ECF No. 21).

On February 20, 2025, the Court found both motions suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearings. (ECF Nos. 19, 20.)

## II.  MOTION TO REMAND

### A.  Legal Standards

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380. For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565

U.S. 134, 141 (2012).

B.   Discussion

"Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). A corporation is a citizen of both the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). The parties do not dispute that Plaintiff is a citizen of California or that the amount in controversy has been met. Compl. ¶¶ 3, 14; ECF No. 1 at 3-4; Pl. Mot. at 1-2; Def. Opp'n at 2. The parties dispute only the citizenship of Defendant. Accordingly, the Court addresses only whether complete diversity of citizenship is established.

Plaintiff moves to remand on the ground that the parties are not diverse and no federal question is present. Pl. Mot. at 1. Plaintiff argues no federal claim is raised in the Complaint and the parties are not diverse citizens. *Id*. at 2. Plaintiff contends that "according to public records," Defendant is a California citizen with a principal place of business located at 12234 Sherman Way, North Hollywood, CA 91605. *Id*. at 2. Defendant argues that diversity jurisdiction exists and that parties are completely diverse. Def. Opp'n at 2. Defendant states Southern Glazer's Wine and Spirits, LLC is a Delaware limited liability company with a principal place of business in Florida. *Id.* Defendant further states Southern Glazer's Wine and Spirits, LLC has four members, including Glazer's Inc. and Glazer's Venture Holdings, Inc., which are Texas corporations with their principal places of business in Texas; and SWS Holdings, Inc. and Southern Wine and Spirits Corporation are Florida corporations with their principal places of business in Florida. *Id.* Defendant further argues the North Hollywood location is not a principal place of business, but a local warehouse. *Id*. Even if it were its principal

4

place of business, Defendant contends it is irrelevant for diversity jurisdiction purposes. *Id.*

Here, Defendant has established its burden of demonstrating complete diversity of citizenship. The citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Johnson*, 437 F.3d at 899. As indicated in Defendant's Notice of Removal, and in its opposition to Plaintiff's motion, Southern Glazer's Wine and Spirits' four members are not citizens of California. ECF No. 1-2; Def. Opp'n at 2; *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("a notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.") (internal quotation marks and citation omitted). They are citizens of Florida and Texas. Plaintiff's allegations regarding Defendant's principal place of business and state of formation do not provide the relevant information in determining an LLC's citizenship. *See Johnson*, 437 F.3d at 899. The Court finds Defendant has sufficiently shown that parties are completely diverse. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("defendant always has the burden of establishing that removal is proper"). Because there is no dispute that federal question jurisdiction is lacking, the Court does not address this ground. The Court is satisfied that complete diversity exists between the parties and that diversity jurisdiction is established. Accordingly, the Court recommends denying Plaintiff's motion to remand.

### III.    MOTION TO DISMISS

#### A.    Plaintiff's Sur-Reply

On November 12, 2024, Plaintiff filed a sur-reply without seeking or receiving leave of court to do so. (ECF No. 28.) Plaintiff does not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendant's reply did not raise any new arguments or evidence that would justify granting a request to file a sur-reply. The Court therefore declines to consider Plaintiff's sur-reply.

/ / /

**B.     Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *See id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**C.     Discussion**

Defendant moves to dismiss the Complaint for failure to state a defamation claim

upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Def. Mot. at 2-7. Defendant argues Plaintiff has pled conclusory allegations for his defamation claim, which is his sole claim. *Id*. at 3-7. The Court agrees.

Under California law, defamation "involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1157 (9th Cir. 2021) (citing *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 27 (2007)). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made*." Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999). Defamation consists of either libel or slander. Cal. Civ. Code § 44; *see also* Cal. Civ. Code §§ 45-46. "A false and unprivileged oral communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander." *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003) (citing Cal. Civ. Code § 46). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (collecting cases).

Here, Plaintiff alleges that Defendant made "defamatory statements about of and concerning Plaintiff being a homosexual, gay, and a faggot" "in person and around other people to reasonably understood them to meant that Plaintiff was all the above." Compl. ¶ 8. The allegations as currently pled are not sufficient to adequately allege a claim for defamation. The Complaint fails to provide the context and does not identity the speaker of the alleged statements. Plaintiff also does not allege enough facts to determine whether Plaintiff is pleading slander per se and is therefore not required to plead actual damages in his Complaint. *See* Cal. Civ. § 46. If Plaintiff is alleging the statement is not slander per se, then Plaintiff must also plead actual damages. *See Duste v. Chevron*

*Prods. Co.*, 738 F. Supp. 2d 1027, 1041 (N.D. Cal. 2010) ("A statement that falls within one of the first four categories of California Civil Code section 46 constitutes slander per se and does not require proof of actual damages."). Moreover, Plaintiff's allegations that the statements made "around other people to reasonably understood them to meant that Plaintiff was all the above" are vague and conclusory, which the Court is not required to accept as true. *See Paulsen*, 559 F.3d at 1071. Accordingly, Plaintiff has not included enough specificity in his allegations to satisfy the "short and plain" statement requirement under Rule 8 of the Federal Rules of Civil Procedure. The Court therefore recommends granting Defendant's motion to dismiss and dismissing Plaintiff's Complaint for failure to state a claim. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because the defects described above could be cured by amendment, the Court recommends the Complaint be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 10) be DENIED;
2. Defendant's motion to dismiss (ECF No. 3) be GRANTED;
3. Plaintiff's Complaint be dismissed with leave to amend; and
4. Plaintiff be granted thirty (30) days of any order adopting these findings and recommendations to file an amended complaint. Failure to do so will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14

days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 20, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, tann3664.24